COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia

COMMONWEALTH OF VIRGINIA

v.          Record No. 1022-95-1          OPINION BY
                                          JUDGE RICHARD S. BRAY
TRACI RAE CARTER,                         OCTOBER 10, 1995
 ROBERT W. McPHERSON, JR. and
 JUANITA D. REBERIO

        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    John K. Moore, Judge

            Thomas C. Daniel, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on
            brief), for appellant.

            Larry B. Slipow (Slipow, Robusto & Kellam,
            P.C., on brief), for appellee Traci Rae Carter.

            No brief or argument for appellees Robert W.
            McPherson, Jr. and Juanita D. Reberio.


        Traci Rae Carter, Robert W. McPherson, Jr., and Juanita D.

Reberio (defendants) were indicted for "willfully or negligently

caus[ing] or permit[ting]" minors in their "care . . . to be placed

in a situation that their life, health, or morals may be

endangered," in violation of Code § 40.1-103.  Arguing that the

statutory language is unconstitutionally vague, defendants moved to

dismiss the indictments, and the trial court sustained the motions.

 The Commonwealth appeals, contending that the statute is

constitutionally sound.  We disagree and affirm the decision of the

trial court.

        In the absence of trial, the three records before the Court

reflect only brief procedural histories and little facts.  Although

the indictments alleged no specific offending conduct, the record

otherwise indicates that defendants Carter and Reberio had been

charged with driving an automobile while under the influence of alcohol (DUI), and defendant McPherson with "public intoxication." These offenses were allegedly committed by defendants while a minor was in their care and custody, prompting the indictments for conduct which may have endangered the "life, health or morals" of such child.

Code § 40.1-103 is found in Chapter 5, designated "Child Labor," of Title 40.1, "Labor and Employment," and provides that

> [i]t shall be unlawful for any person employing or having custody of any child willfully or negligently to cause or permit the life of such child to be endangered or the health of such child to be injured, or willfully or negligently to cause or permit such child to be placed in a situation that its life, health or morals may be endangered, or to cause or permit such child to be overworked, tortured, tormented, mutilated, beaten or cruelly treated. Any person violating this section shall be guilty of a Class 6 felony.

(Emphasis added). Defendants' constitutional challenge is limited to the italicized language of the statute, which was substantially repeated in the indictments.

"In assessing the constitutionality of a statute, we must presume that the legislative action is valid." Perkins v. Commonwealth, 12 Va. App. 7, 14, 402 S.E.2d 229, 233 (1991). "Generally, the words and phrases used in a statute should be given their ordinary and usually accepted meaning . . . ." Woolfolk v. Commonwealth, 18 Va. App. 840, 847, 447 S.E.2d 530, 534 (1994). "'If a statute can be made constitutionally definite by a reasonable construction, the court is under a duty to give it that

construction.'" Perkins, 12 Va. App. at 14, 402 S.E.2d at 233 (quoting Pederson v. City of Richmond, 219 Va. 1061, 1065, 254 S.E.2d 95, 98 (1979)). When, as here, a statutory challenge does not implicate a constitutionally protected right, the "narrow question is whether [the legislation] is vague as applied to the defendant[s'] conduct . . . ." Woodfin v. Commonwealth, 236 Va. 89, 92, 372 S.E.2d 377, 379 (1988), cert. denied, 490 U.S. 1009 (1989). "The burden is on the challenger to prove the alleged constitutional defect." Perkins, 12 Va. App. at 14, 402 S.E.2d at 233.

In undertaking a void-for-vagueness analysis, we are guided by a well established two-prong test. First, a penal statute, "when measured by common understanding and practices," must define the proscribed conduct with sufficient particularity to "warn a person as to what behavior is prohibited . . . ." Stein v. Commonwealth, 12 Va. App. 65, 69, 402 S.E.2d 238, 241 (1991). Secondly, the statutory language must not encourage arbitrary and discriminatory enforcement. Kolender v. Lawson, 461 U.S. 352, 357 (1983); Smith v. Goguen, 415 U.S. 566, 572-73 (1974). This second prong recognizes "'the requirement that a legislature establish minimal guidelines to govern law enforcement'" and has been described as "the more important aspect of [the] vagueness doctrine." Kolender, 461 U.S. at 358 (citation omitted). It forbids the impermissible delegation of "'basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory applications.'"

<u>Stein</u>, 12 Va. App. at 69, 402 S.E.2d at 240-41 (quoting <u>Grayned v. City of Rockford</u>, 408 U.S. 104, 108-09 (1972)).

Here, defendants were charged with a violation of Code § 40.1-103 arising from conduct related to alleged intoxication while children were in their care and custody. Manifestly, potential endangerment of a child or children is the gravamen of the offense, and the instant charges arose from a perception by law enforcement officials that the conduct of each defendant <u>may</u> have threatened the "life, health or morals" of such children. However, neither intoxication nor other specific behavior, criminal or otherwise, is a necessary element of the felonious endangerment contemplated by the statutory language in issue. By using the term "may," the legislature criminalizes <u>any</u> act which presents a "possibility" of physical or moral harm to the child. <u>See</u> <u>Webster's Ninth New Collegiate Dictionary</u> 734 (1989).

Thus, guided by subjectivity and personal predilection, police and prosecutors in this instance concluded that the factually diverse conduct of each defendant possibly endangered the life, health, or morals of minors then in their custody. This determination may have resulted from individual moral imperatives, unique perspectives on the specific conduct, or defendants' mere status.[1] Whatever the motivation and however well-intentioned, the vague and inclusive statutory language clearly failed to adequately

---

[1]In construing Code § 46.2-357(B), we held that DUI, <u>per</u> <u>se</u>, "was not . . . conduct dangerous to life, limb, or property of another" within the intendment of that statute. <u>Bishop v. Virginia</u>, 20 Va. App. 206, 211, 455 S.E.2d 765, 766 (1995).

inform law enforcement of the precise conduct prohibited by Code § 40.1-103, thereby accommodating arbitrary and discriminatory enforcement. See Coleman v. City of Richmond, 5 Va. App. 459, 466, 364 S.E.2d 239, 243-44, reh'g denied, 6 Va. App. 296, 368 S.E.2d 298 (1988).

We do not suggest that DUI or other alcohol-related misconduct may not sufficiently endanger children to warrant criminal sanction. Code § 18.2-270 presently imposes an enhanced punishment for persons convicted of DUI "while transporting a person seventeen years of age or younger," and Code § 18.2-371.1 punishes the "reckless disregard" of the life of a child by "any parent, guardian, or other person responsible for the care" of such child. However, the constitutionally infirm language of Code § 40.1-103 in issue here is not a proper vehicle to prosecute such behavior.

Accordingly, we find the provision of Code § 40.1-103, which declares it a Class 6 felony "for any person . . . having custody of any child . . . to . . . willfully or negligently . . . cause or permit such child to be placed in a situation that its life, health or morals may be endangered," unconstituionally vague. However, "'an act may be valid in one part and invalid in another, and . . . that invalid part may be ignored, if after such elimination the remaining portions are sufficient to accomplish their purpose in accordance with the legislative intent . . . .'" Willis v. Commonwealth, 10 Va. App. 430, 442, 393 S.E.2d 405, 411 (1990) (quoting Strawberry Hill Land Corp. v. Starbuck, 124 Va. 71, 77, 97 S.E. 362, 364 (1918)). Because we find that the offending language

of Code § 40.1-103 is severable, the remainder of the statute is undisturbed by this opinion.

<u>Affirmed</u>.