COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judge Elder and Senior Judge Cole
Argued at Richmond, Virginia


ALICE VIRGINIA RIGGS
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1892-95-2      JUDGE LARRY G. ELDER
                                       SEPTEMBER 10, 1996
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    Walter W. Stout, III, Judge


        Robert P. Geary for appellant.

        Kathleen B. Martin, Assistant Attorney
        General (James S. Gilmore, III, Attorney
        General, on brief), for appellee.


    Alice Virginia Riggs (appellant) appeals her conviction for

violating Code § 40.1-103 by willfully or negligently causing or

permitting her children to be placed in a situation where their

lives, health or morals may have been endangered.  Appellant

contends that the evidence did not support her conviction and

that the clause of Code § 40.1-103 under which she was convicted

is unconstitutional.  Because the evidence did not support it, we

reverse and dismiss her conviction.

    On March 30, 1995, a police officer observed appellant and

her boyfriend purchase drugs from their vehicle, in which

appellant's three-year-old twins sat as passengers.  Appellant

and her boyfriend later placed the drugs in a cigarette pack on

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the dashboard, within reach of the children, as they exited the vehicle to purchase fast-food. Police arrested appellant and her boyfriend outside their vehicle, and the Commonwealth charged appellant with possession of cocaine and cruelty to children.

After the Commonwealth presented its evidence at trial on July 17, 1995, appellant moved to strike, arguing that Code § 40.1-103 did not apply to the facts of her case because the evidence did not prove that she may have endangered her children. Appellant also argued that the statutory language was overly broad and that it deprived her of due process of the law. The trial court, sitting without a jury, overruled appellant's motion and convicted her of the two charges. The trial court sentenced appellant on August 18, 1995. On October 10, 1995, this Court decided Commonwealth v. Carter, 21 Va. App. 150, 462 S.E.2d 582 (1995), in which we declared the portion of Code § 40.1-103 under which appellant was convicted to be unconstitutionally void-for-vagueness.

First, we note that appellant procedurally defaulted consideration of the constitutional void-for-vagueness issue at both the trial and appellate stages. Because appellant never specifically raised the void-for-vagueness issue at the trial court level, Rule 5A:18 bars her from raising it on appeal. We cannot apply Rule 5A:18's ends of justice exception because appellant's sole assignment of error in her petition for appeal, filed three months after this Court decided Carter, was that the

evidence did not support her conviction. Pursuant to Rule 5A:12, we may consider only the questions presented in appellant's petition for appeal. Appellant therefore limits us to considering whether the evidence supported her conviction.

When a party challenges the sufficiency of the evidence on appeal, we must construe the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1974).

Under the relevant clause of Code § 40.1-103, a person having custody of a child may not "willfully or negligently [] cause or permit such child to be placed in a situation that its life, health or morals may be endangered . . . ." The Commonwealth argues that the evidence proved appellant violated this part of the statute when she purchased cocaine in front of her young children and momentarily left them in the vehicle where they could reach the cocaine.

Even viewed in the light most favorable to the Commonwealth, we hold that the evidence does not support appellant's conviction beyond a reasonable doubt. The facts do not prove that appellant's actions may have endangered the life, health or morals of her three-year-old children. No evidence showed that either appellant or her boyfriend ingested the drugs before or while operating the vehicle, or that the children understood their mother had just purchased illegal drugs and the moral

significance associated thereto.  The Commonwealth's decision to prosecute appellant under this statutory section "may have resulted from individual moral imperatives [or] unique perspectives on [appellant's] specific conduct," <u>Carter</u>, 21 Va. App. at 154, 462 S.E.2d at 585, but appellant's conviction was not supported by sufficient evidence of actions that may have endangered her children.

For the foregoing reasons, we reverse and dismiss appellant's conviction.

<u>Reversed and dismissed.</u>