COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Fitzpatrick and Annunziata
Argued at Alexandria, Virginia


RICKY DEE BREWSTER, S/K/A
 RICKEY DEE BREWSTER
                                          OPINION BY
v.         Record No. 2191-94-4    JUDGE JOHANNA L. FITZPATRICK
                                          OCTOBER 29, 1996
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    J. Howe Brown, Jr., Judge

          Frank W. Romano, Assistant Public Defender,
          for appellant.

          Michael T. Judge, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     On October 3, 1994, Ricky Dee Brewster (appellant) was

convicted in a jury trial of speeding to elude.[1]  The sole issue

in this appeal is whether the phrase "serious bodily injury" in

Code § 46.2-817 is unconstitutionally vague.[2]  For the reasons

that follow, we affirm the trial court.


     [1]Appellant was also convicted of driving with a revoked
operator's license after having been adjudicated an habitual
offender, and failing to stop after an accident.  Appellant also
pled guilty to driving while intoxicated (third or subsequent
offense within ten years).  These convictions are not at issue in
this appeal.

     [2]Code § 46.2-817, the speeding to elude statute, provides in
pertinent part as follows:

          Any person who, having received a
          visible or audible signal from any
          law-enforcement officer to bring his motor
          vehicle to a stop, drives such motor vehicle
          in a willful or wanton disregard of such

(continued...)

On the morning of March 5, 1994, Daryl Boone (Boone), a Fairfax County police officer, stopped appellant's truck. Appellant exited his truck completely nude. Boone told him to stop but appellant reentered his truck and sped off. Boone pursued but lost sight of appellant. Officer John J. Kiernen (Kiernen) became involved in the pursuit and chased appellant to the intersection of Route 29 and Waples Mill Road, where appellant's truck struck another pickup truck. After the crash, appellant again left his truck, and Kiernan instructed him not to move. Appellant attempted to run from the accident, and Kiernan tackled and arrested him.

Mark H. Griffin (Griffin), the driver of the truck that was hit, was carrying two passengers, Alan Cox (Cox) and Laura Wakefield (now Laura Griffin) (Wakefield). Griffin, Cox, and Wakefield were all taken to Fairfax Hospital for treatment of their injuries caused by the accident. Griffin sustained the "life threatening" injuries of a cerebral contusion and a bruising of the brain. Cox suffered a fracture of his twelfth

[2](...continued)
       signal so as to interfere with or endanger
       the operation of the law-enforcement vehicle
       or endanger other property or a person, or
       who increases his speed and attempts to
       escape or elude such law-enforcement officer,
       shall be guilty of a Class 1 misdemeanor.
           If serious bodily injury to another
       results from a violation of the preceding

            paragraph, the offender shall be guilty of a
            Class 6 felony.

(Emphasis added).


thoracic vertebra, a fracture of the end of his ulnar bone, a

minor concussion, and a cerebral concussion.  Cox wore an arm

cast and a partial body brace for more than three months and was

continuing rehabilitation at the time of trial.  Wakefield

sustained lacerations of an upper eyelid and finger, contusions

of her chest and abdominal walls, and a mild cerebral concussion.

 The victims were hospitalized for five, four, and three days

respectively.

    At trial, the trial court denied each of the Commonwealth's

proffered jury instructions defining "serious bodily injury."

The court stated as follows:
            I believe that Virginia is a state . . .
            [in which] words that don't need defining we
            don't define, words like preponderance of the
            evidence we do because it's not an ordinary
            parlance meaning word.
            But constantly the jury comes back and
            asks about the meaning of words in our
            instructions and we constantly tell them to
            their everlasting distress, words are given
            their ordinary meaning in [E]nglish and we
            don't define them.
            And I think to try to define words that
            haven't been previously defined and that have
            a meaning to people or otherwise it would be
            to[o] vague to be in a statute.


    Appellant argues that Code § 46.2-817 is unconstitutionally

vague and violates his right to due process because the phrase

"serious bodily injury" does not give a person of ordinary

intelligence a reasonable opportunity to know what is prohibited

3

and invites arbitrary enforcement.

"It is a basic rule of statutory construction that a word in a statute is to be given its everyday, ordinary meaning unless the word is a word of art."  Stein v. Commonwealth, 12 Va. App. 65, 69, 402 S.E.2d 238, 241 (1991).  See also Woolfolk v. Commonwealth, 18 Va. App. 840, 847, 447 S.E.2d 530, 533 (1994) (holding "emotional distress" constitutional because it is a "common and well-recognized legal term that has been judicially narrowed by existing Virginia law").

In analyzing a void-for-vagueness argument, we employ a two-pronged test.  "'[A]n act creating a statutory offense . . . must specify with reasonable certainty and definiteness the conduct which is commanded or prohibited, that is, what must be done or avoided, so that a person of ordinary intelligence may know what is thereby required of him.'"  Bennett v. Commonwealth, 8 Va. App. 228, 235, 380 S.E.2d 17, 21 (1989) (quoting Hancock v. Cox, 212 Va. 215, 218, 183 S.E.2d 149, 151 (1971)).

Additionally,

> the statutory language must not encourage arbitrary and discriminatory enforcement. [This] . . . "more important aspect of [the] vagueness doctrine" . . . forbids the impermissible delegation of "'basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory applications.'"

Commonwealth v. Carter, 21 Va. App. 150, 153-54, 462 S.E.2d 582, 584 (1995) (citations omitted).  "When, as here, a statutory

4

challenge does not implicate a constitutionally protected right, the 'narrow question is whether [the legislation] is vague as applied to the defendant['s] conduct.'"  Id. at 153, 462 S.E.2d at 584 (quoting Woodfin v. Commonwealth, 236 Va. 89, 92, 372 S.E.2d 377, 379 (1988), cert. denied, 490 U.S. 1009 (1989)).

Applying this standard, we hold that the phrase "serious bodily injury" is not unconstitutionally vague.  The statute satisfies the two-pronged void-for-vagueness analysis because: (1) ordinary individuals are placed on notice as to what behavior is proscribed, and (2) the language is specific enough so that it does not unduly encourage arbitrary or discriminatory enforcement.  Moreover, the phrase "serious bodily injury" has been used in other Virginia statutes and case law.  See, e.g., Pancoast v. Commonwealth, 2 Va. App. 28, 33, 340 S.E.2d 833, 836 (1986) ("The common law defense of duress excuses acts which would otherwise constitute a crime, where the defendant shows that the acts were the product of threats inducing a reasonable fear of immediate death or serious bodily injury."); Jones v. Commonwealth, 219 Va. 983, 986, 252 S.E.2d 370, 372 (1979) (holding that in rape cases, a victim must prove non-consent by physically resisting, but need not "'resist to the utmost of her physical strength, if she reasonably believes resistance would be useless and result in serious bodily injury to her'").  See also Code §§ 18.2-371 and 18.2-369.  Additionally, the trial court did not abuse its discretion in determining both that appellant was

5

placed on notice as to what conduct the statute proscribed and that the injuries that appellant inflicted were sufficiently

grave to constitute "serious bodily injury."  The judgment of the trial court is affirmed.

<u>Affirmed.</u>
