COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Benton and Overton
Argued at Norfolk, Virginia


STEPHEN JAMES MORRISON
                                      MEMORANDUM OPINION*
v.         Record No. 0035-96-1      BY JUDGE JOSEPH E. BAKER
                                      DECEMBER 10, 1996
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                   Dennis F. McMurran, Judge

        Dianne G. Ringer, Senior Assistant Public
        Defender, for appellant.

        John K. Byrum, Jr., Assistant Attorney
        General (James S. Gilmore, III, Attorney
        General, on brief), for appellee.


        Stephen James Morrison (appellant) contends that the

evidence does not support his conviction by the Circuit Court of

the City of Portsmouth (trial court) for violation of Code

§ 40.1-103, willfully or negligently endangering a child.  We

disagree and affirm his conviction.

        As the parties are familiar with the facts contained in the

record, we state only those necessary to an understanding of the

result we reach.  We view those facts in the light most favorable

to the Commonwealth, granting to it all reasonable inferences

fairly deducible therefrom.  Higginbotham v. Commonwealth, 216

Va. 349, 352, 218 S.E.2d 534, 537 (1975).

        Appellant argues that because this Court, in Carter v.

─────────────────────
        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Commonwealth, 21 Va. App. 150, 462 S.E.2d 582 (1995), declared a portion of Code § 40.1-103 to be unconstitutionally vague, the evidence does not prove beyond a reasonable doubt that appellant violated the remaining section which provides: "It shall be unlawful for any person employing or having the custody of any child willfully or negligently to cause or permit the life of such child to be endangered or the health of such child to be injured, . . . ."

Copeland was the mother of appellant's six-week-old child. Appellant lived apart from Copeland and the child. The child was ill on April 10, 1995 when appellant came to the child's home, kicked Copeland in her thigh, and removed the child from her home. When the child was taken out into the late afternoon, the temperature was forty-eight degrees and the child was clothed only in a "sleeper" that was not snapped and did not cover the child's bare feet.

The police responded to a call, found appellant standing outside a nearby store, and informed him that he was under arrest for domestic assault. The police requested appellant to give them the child so that it could be returned to Copeland. The police were aware that the child was "suffering from a severe cold" and was lightly dressed.

While holding the child tightly to his chest, appellant responded to the request by telling the police that they would have to kill him if they expected to get the child away from him.

The police repeated the request "a dozen times or more" but appellant continued to refuse and cursed at the officers.  The child was crying and screaming but no physical injury was evident.  After arresting and taking appellant into custody by placing him in a police vehicle, the police were able to remove the child from appellant's clutch.

We hold that the evidence is sufficient to support appellant's conviction for negligently causing or permitting the life of the child to be endangered or the health of the child to be injured.

Accordingly, the judgment of the trial court is affirmed.

<u>Affirmed.</u>