COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Annunziata and Senior Judge Hodges
Argued at Norfolk, Virginia


MARTIN HERRERA, JR.
                                           OPINION BY
v.          Record No. 0420-95-1   JUDGE ROSEMARIE ANNUNZIATA
                                        APRIL 1, 1997
COMMONWEALTH OF VIRGINIA


         FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                Kenneth N. Whitehurst, Jr., Judge


              Lynndolyn T. Mitchell, Assistant Public
              Defender (Office of the Public Defender, on
              brief), for appellant.

              Brian Wainger, Assistant Attorney General
              (James S. Gilmore, III, Attorney General;
              Thomas C. Daniel, Assistant Attorney General,
              on brief), for appellee.


     Following a jury trial in the Circuit Court of the City of

Virginia Beach conducted in January 1995, appellant, Martin

Herrera, Jr., was convicted of child neglect in violation of Code

§ 40.1-103.  Herrera's opening brief on appeal, challenging the

trial court's refusal to instruct the jury on criminal

negligence, was received by the Clerk of this Court in November

1995.  In October 1995, in an unrelated case, a panel of this

Court held portions of Code § 40.1-103 unconstitutionally vague.

 See Commonwealth v. Carter, 21 Va. App. 150, 462 S.E.2d 582

(1995).  Herrera failed to challenge the constitutionality of

Code § 40.1-103, both before the trial court and in his appellate

brief; he also failed to argue on appeal that we should apply the

holding in Carter to his case.  Applying well established

principles concerning the retroactive application of new rules for criminal prosecutions to cases pending on direct review, we find that our decision in <u>Carter</u> deprived Herrera's trial court of jurisdiction to convict him under Code § 40.1-103. Because our decision in <u>Carter</u> implicates the jurisdiction of the trial court, we find it well within our province to address the issue <u>sua sponte</u>. For the reasons that follow, we reverse Herrera's conviction on jurisdictional grounds.[1]

## I.   RELEVANT FACTS

Herrera's indictment alleged that "while having custody of [C.H.], a child then under the age of eighteen years, [Herrera] did willfully or negligently cause or permit such child to be placed in a situation that his life, health, or morals may be endangered[, in violation of Code § 40.1-103] . . . ."[2]   The jury

---

[1]   Accordingly, we decline to address Herrera's contention that the trial court erred by refusing to instruct the jury on criminal negligence.

[2]   Code § 40.1-103 provides, in part:

It shall be unlawful for any person . . . having the custody of any child willfully or negligently to cause or permit the life of such child to be endangered or the health of such child to be injured, or willfully or negligently to cause or permit such child to be placed in a situation that its life [or] health . . . may be endangered . . . . Any

- 2 -

convicted Herrera as charged, having found, as the trial court instructed, that he "willfully or negligently caused or permitted such child to be placed in a situation that its health or morals may be endangered."

Subsequent to Herrera's conviction, while his case was pending on direct review, a panel of this Court held that the provision of Code § 40.1-103 declaring it a Class 6 felony "for any person . . . having custody of any child . . . to . . . willfully or negligently . . . cause or permit such child to be placed in a situation that its life, health or morals may be endangered" was unconstitutionally vague. Commonwealth v. Carter, 21 Va. App. 150, 155, 462 S.E.2d 582, 585 (1995).

## II. JURISDICTIONAL BAR

"A court lacks jurisdiction to enter a criminal judgment if the judgment is predicated upon an unconstitutional or otherwise invalid statute or ordinance." Fraser v. Commonwealth, 16 Va. App. 775, 777, 433 S.E.2d 37, 38 (1993). See also Ex parte Siebold, 100 U.S. 371, 376-77 (1879) ("An unconstitutional law is void and is not law. An offense created by it is not a crime. A conviction under it is not merely erroneous, but is illegal and void, and cannot be a legal cause of imprisonment."); United States v. Baucum, 80 F.3d 539, 540-41 (D.C. Cir. 1996) ("[O]nce a
(..continued)

> person violating this section shall be guilty
> of a Class 6 felony.

- 3 -

statute has been declared unconstitutional, the . . . courts thereafter have no jurisdiction over alleged violations (since there is no valid `law . . .' to enforce) . . . .").

Following <u>Carter</u>, the courts of Virginia clearly lack jurisdiction to convict an accused under the provisions of Code § 40.1-103 that <u>Carter</u> held to be unconstitutional.  The Commonwealth does not dispute this point.  The question we face here is whether that jurisdictional bar also extends to a conviction obtained prior to the date of the <u>Carter</u> decision but one which is still pending on direct review.

"[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a `clear break' with the past." <u>Darnell v. Commonwealth</u>, 12 Va. App. 948, 952, 408 S.E.2d 540, 542 (1991) (quoting <u>Griffith v. Kentucky</u>, 479 U.S. 314, 328 (1987)); <u>Kelly v. Commonwealth</u>, 8 Va. App. 359, 368, 382 S.E.2d 270, 275 (1989); <u>Taitano v. Commonwealth</u>, 4 Va. App. 342, 345 n.1, 358 S.E.2d 590, 591 n.1 (1987).  The concept that judicial decisions are to be applied retroactively "stems from the Blackstonian view, that judges do not make law; they find law. Judicial declaration of law is merely a statement of what the law has always been."  <u>Cash v. Califano</u>, 621 F.2d 626, 628 (4th Cir. 1980).  Principles of equity applicable to the treatment of defendants similarly situated compel the application of a new

rule of law to cases still pending on direct review.  See Griffith, 479 U.S. at 713 ("[T]he integrity of judicial review requires that we apply that rule to all similar cases pending on direct review.").  "[T]he problem with not applying new rules to cases pending on direct review is `the actual inequity that results when the Court chooses which of many similarly situated defendants should be the chance beneficiary' of a new rule."  Id. (quoting United States v. Johnson, 457 U.S. 537, 556 n.16 (1982)).

In light of these principles, we find that the rule of Carter, undoubtedly a "new rule" for prosecutions under Code § 40.1-103, should be applied retroactively to Herrera's case. The provision of Code § 40.1-103 which this Court held unconstitutionally void for vagueness in Carter is precisely the provision on which Herrera was indicted, the jury was instructed, and Herrera was ultimately convicted.  By virtue of the retroactive application of Carter, we hold that the trial court lacked jurisdiction to convict Herrera.

### III.   PROCEDURAL BAR

The Commonwealth contends that even if the principles governing the retroactive application of new rules for criminal prosecution require that Carter be applied retroactively to a case still pending on direct review, the rule of Carter should not be applied retroactively to Herrera's case because Herrera failed to preserve the issue.  Indeed, Herrera failed to

challenge the constitutionality of Code § 40.1-103, both before the trial court and in his appellate brief; he also failed to argue on appeal that we should apply the holding in Carter to his case.

It is well accepted that a question of subject matter jurisdiction can be raised sua sponte at any time. E.g., Garrett v. Majied, 252 Va. 46, 48, 471 S.E.2d 479, 480 (1996). Likewise, it is well established that the contemporaneous objection rule may not be invoked to bar consideration of an appeal which attacks the jurisdiction of the circuit court. E.g., Jones v. Division of Child Support Enforcement, 19 Va. App. 184, 191, 450 S.E.2d 172, 177 (1994). Because the dispositive issue here is one of jurisdiction, we hold that its determination is not procedurally defaulted by Herrera's failure to raise it.[3]

Our decision to apply the jurisdictional implications of

---

[3]     Contrary to the Commonwealth's contention, we do not hold that a defendant may raise a facial challenge to the constitutionality of a statute for the first time on appeal, on the theory that doing so implicates a question of subject matter jurisdiction. Nor does our decision require reviewing courts to determine the constitutionality of a statute sua sponte in all cases where the issue is not raised. The circumstances giving rise to such concerns in Baucum, upon which the Commonwealth relies, are not present here. Herrera does not ask us to rule on the constitutionality of Code § 40.1-103 for the first time on appeal, nor do we rule on the constitutional issue sua sponte. Here, unlike in Baucum, the constitutional issue has been resolved. Carter held the provisions of Code § 40.1-103, under which Herrera was convicted, unconstitutional. The issue addressed and resolved here is purely jurisdictional, and our decision is consistent with well established principles regarding the authority of the court to address matters of subject matter jurisdiction sua sponte.

<u>Carter</u> to Herrera's case is limited both by the procedural posture of Herrera's case and by well established principles concerning retroactive application of new rules for criminal prosecutions. Contrary to the Commonwealth's concern regarding the potential effect of our decision on concluded cases, the retroactive application of <u>Carter</u> to a case pending on direct review does not disturb well-settled principles of finality. Rather, our decision effectuates the balance between finality and fairness that the principles of retroactivity seek to establish.

While the provisions of the statute under which Herrera was convicted were presumptively valid at the time of his trial, they are conclusively unconstitutional now and were so before he filed his appellate brief. We find that the principles applicable to the jurisdiction of the trial court and the retroactive application of new rules for criminal prosecutions as well as the imperative demands of fairness and equity demand that Herrera's conviction be reversed and dismissed.

<u>Reversed and dismissed.</u>