COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Senior Judge Cole
Argued at Richmond, Virginia


RODNEY LEON WELLS

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1116-99-2        JUDGE JERE M. H. WILLIS, JR.
                                         MARCH 28, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                  Paul M. Peatross, Jr., Judge

          Peter L. McCloud (Boyle, Bain & Downer, on
          brief), for appellant.

          Eugene Murphy, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     On appeal from his conviction of grand larceny, in

violation of Code § 18.2-95, Rodney Leon Wells contends (1) that

the trial court erred in admitting the out-of-court statement of

a codefendant, Regina Allen, and (2) that without Allen's

statement the evidence was insufficient to support his

conviction.  Wells did not properly preserve the evidentiary

issue for appeal, and the evidence as received was sufficient.

Therefore, we affirm the judgment of the trial court.

          On appeal, we review the evidence in
          the light most favorable to the
          Commonwealth, granting to it all reasonable
          inferences fairly deducible therefrom.  The

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

> judgment of a trial court sitting without a
> jury is entitled to the same weight as a
> jury verdict and will not be set aside
> unless it appears from the evidence that the
> judgment is plainly wrong or without
> evidence to support it.

Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

On July 27, 1998, Wells drove Regina Allen and Maurice Buckner to a Kroger supermarket. Allen and Buckner entered the store, filled two carts with groceries, and ran out of the store without paying. They dumped the groceries into the trunk of Wells' car. Witnesses testified that a third person was in the driver's seat of the car. The store manager initially identified Wells as that person, but on cross-examination was unsure of that identification. An employee at the store testified that the woman who had been in the store got into the back seat of the car and that the man who had been in the store got into the passenger's side of the front seat. The car then pulled out of the parking lot "very fast and recklessly."

Store personnel called the police. When the police cruiser caught up to Wells' car, it sped up in an attempt to get away. Once the officer stopped the vehicle, all three occupants fled from the vehicle and were apprehended on foot. The police officer testified that Allen exited the rear passenger door, Buckner from the right front passenger door, and Wells from the driver's door.

-

Allen confessed to the police that she, Buckner, and Wells had decided to drive to the store to steal groceries for a cookout, that she and Buckner went into the store to steal the items, and that Wells remained with the car as the getaway driver. This contradicted Wells' explanation that he was unaware that Allen and Buckner were planning to steal groceries, that Buckner took the keys from him and drove away, and that he jumped in the passenger side of the car. Without objection, the trial court admitted Allen's statement into evidence. On the basis of that statement and of the other evidence in the case, it convicted Wells of grand larceny.

Wells contends that the trial court erred in admitting Allen's statement. Acknowledging that he lodged no objection, he argues that Lilly v. Virginia, 527 U.S. 116 (1999), should be applied nonetheless, because Lilly was decided subsequent to his trial.

As a general proposition, cases which have precedential value and are decided while an appeal is pending will be "good law" for the appeal. See Darnell v. Commonwealth, 12 Va. App. 948, 952-53, 408 S.E.2d 540, 542 (1991). However, the issue to which that authority is applied must have been addressed properly in the trial court. See id.; Herrera v. Commonwealth, 24 Va. App. 490, 495, 483 S.E.2d 492, 495 (1997).

> [W]here an appellate decision overrules
> prior law and announces a new principle,
> unless the decision specifically declares

-

> the rule to be prospective only, the new
> rule is to be applied retroactively to cases
> <u>where the issue in question is properly
> preserved at all stages of adjudication up
> to and including any direct appeal</u>.

<u>Commonwealth v. Ardestani</u>, 736 A.2d 552, 555 (Pa. 1999)

(emphasis supplied).

> No ruling of the trial court . . . will
> be considered as a basis for reversal unless
> the objection was stated together with the
> grounds therefor at the time of the ruling,
> except for good cause shown or to enable the
> Court of Appeals to attain the ends of
> justice.

Rule 5A:18. The rule operates to bar constitutional claims raised for the first time on appeal. <u>See</u> <u>Deal v. Commonwealth</u>, 15 Va. App. 157, 161, 421 S.E.2d 897, 900 (1992).

Because Wells lodged at trial no objection to the admission of Allen's statement into evidence, and because we perceive no reason to invoke the ends of justice exception to the operation of Rule 5A:18, we will not address on appeal the correctness of that admission, even in light of <u>Lilly</u>.

Because Wells' contention that the evidence was insufficient to support his conviction relies on the assumption that Allen's statement was admitted in error, an assumption to which we give no support, we do not address the merits of his sufficiency of the evidence claim. The judgment of the trial court is affirmed.

<u>Affirmed.</u>

-