COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Elder
Argued at Richmond, Virginia


VICKI L. MOSBY
                                          OPINION BY
v.        Record No. 1434-95-2    JUDGE JERE M. H. WILLIS, JR.
                                        AUGUST 13, 1996
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                       William R. Shelton, Judge

            Denis C. Englisby (Margaret Ann Englisby;
            Englisby & Englisby, on brief), for
            appellant.

            Brian Wainger, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on
            brief), for appellee.


        On appeal from her conviction of negligent child

endangerment pursuant to Code § 40.1-103, Vicki L. Mosby contends

(1) that Code § 40.1-103 is unconstitutionally vague as applied

to her, and (2) that the trial court erred in instructing the

jury on simple negligence.  We find the statute constitutional as

applied to Ms. Mosby.  However, because the trial court erred in

instructing the jury on simple negligence, we reverse the

judgment of the trial court and remand this case for retrial, if

the Commonwealth be so advised.

                              I.

    Code § 40.1-103 provides, in pertinent part:
            It shall be unlawful for any person employing
            or having the custody of any child willfully
            or negligently to cause or permit the life of
            such child to be endangered or the health of
            such child to be injured, or willfully or
            negligently to cause or permit such child to

be placed in a situation that its life, health or morals may be endangered . . . .

In Commonwealth v. Carter, 21 Va. App. 150, 462 S.E.2d 582

(1995), we held the second clause of the statute to be

unconstitutionally vague.  We said:

> Manifestly, potential endangerment of a child or children is the gravamen of the offense, and the instant charges arose from a perception by law enforcement officials that the conduct of each defendant may have threatened the "life, health or morals of such children. . . . By using the term "may," the legislature criminalizes any act which presents a "possibility" of physical or moral harm to the child.
>
> Thus, guided by subjectivity and personal predilection, police and prosecutors in this instance concluded that the factually diverse conduct of each defendant possibly endangered the life, health or morals of minors then in their custody.  This determination may have resulted from individual moral imperatives, unique perspectives on the specific conduct, or defendants' mere status.  Whatever the motivation and however well-intentioned, the vague and inclusive statutory language clearly failed to adequately inform law enforcement of the precise conduct prohibited by Code § 40.1-103, thereby accommodating arbitrary and discriminatory enforcement.

Id. at 154-55, 462 S.E.2d at 584-85 (citations omitted).  In

Carter, we went on to say:

> However, "'an act may be valid in one part and invalid in another, and . . . that invalid part may be ignored, if after such elimination the remaining portions are sufficient to accomplish their purpose in accordance with the legislative intent . . . .'"  Because we find that the offending language of Code § 40.1-103 is severable, the remainder of the statute is undisturbed by this opinion.

<u>Id.</u> at 155, 462 S.E.2d at 585.

On May 23, 1994, Vicki L. Mosby drove from her grandmother's home with her six-week-old son, George Mosby, Jr., on the car seat in a baby carrier.  Two miles from her grandmother's house, Ms. Mosby ran off the road and into a cinder block house located 224 feet off the paved surface.  The child was thrown from the baby carrier onto the floor behind the driver's seat.  He suffered a fractured femur and head injuries.  The baby carrier displayed a warning that it was not to be used as a car seat.

Officer Moore testified that upon his arrival at the accident scene, he could smell alcohol on Ms. Mosby and she admitted to him that she had been drinking.  Dr. James Valentour, Chief Toxicologist at the State Division of Forensic Science, testified as an expert concerning the effects of alcohol on humans.  He testified that Ms. Mosby's blood alcohol content was 0.25 percent, a level that would diminish her coordination and balance and would affect her ability to stand, walk, or drive.

The indictment on which Ms. Mosby was tried specified that on the subject occasion, she
> did unlawfully and feloniously having the custody of a child, George L. Mosby, Jr., willfully or negligently cause or permit the life of such child to be endangered or the health of such child to be injured.

This indictment set forth a charge under the clause of Code § 40.1-103 that was excepted from the embrace of <u>Carter</u>.  Citing <u>Carter</u>, Ms. Mosby contends that the first clause of Code

- 3 -

§ 40.1-103, upon which the charge against her was based, is unconstitutionally vague. She argues that the clause fails to define adequately the _mens rea_ element upon which criminal liability for the proscribed conduct may be based. We disagree.

The terms, "willfully" and "negligently" are concepts of long-standing recognition and legal definition. Likewise, criminal liability for willful or culpably negligent conduct is an established principle. These standards are solidly established and are not impermissibly vague.

In _Carter_, we found impermissibly vague the use of the word "may" in the second clause of Code § 40.1-103. We held that "may" suggested mere possibility and imposed criminal liability for conduct suggesting a mere potential or possibility of endangerment to a child. We held that because such possibility was not readily ascertainable, its employment as a standard for the imposition of criminal liability was impermissibly vague and susceptible to arbitrary enforcement. Such is not the case under the first clause. Ms. Mosby was charged with willfully or negligently subjecting her child not to a possibility of endangerment, but to an actual condition of endangerment. That her child was actually endangered, and was in fact injured, were matters of ready perception, a perception based on existing facts, a perception not vulnerable to arbitrary enforcement.

Thus, we hold that the first clause of Code § 40.1-103 defines readily understandable proscribed conduct and is

constitutionally firm.

II.

Second, Ms. Mosby contends that the trial court erred in instructing the jury on simple negligence.  We agree.

The trial court gave the following instructions:

INSTRUCTION NO. 8

The Court instructs the jury that the negligence alleged in the crimes in this case is something called "criminal negligence". Gross or culpable negligence is that which indicates a callous disregard of human life and of the probable consequences of the defendant's act.  Criminal liability cannot be predicated upon every act carelessly or negligently performed merely because such carelessness or negligence results in harm or even the death of another.  In order for criminal liability to result from negligence, it must necessarily be reckless or wanton and of such a character as to show disregard of the safety of others under circumstances likely to cause injury or death.  Unless you believe from the evidence beyond a reasonable doubt the defendant was guilty of negligence so culpable or gross as to indicate a callous disregard of human life and of the probable consequences of his act, you cannot find him guilty of these charges.

INSTRUCTION NO. 9

Negligence is the doing of some act which an ordinarily careful and prudent man under like circumstances would not do by reason of which another person is endangered in life or bodily safety.  The word "ordinary" is synonymous with "reasonable" in this connection.

INSTRUCTION NO. 10

Negligence is more than mere inadvertence or misadventure; it is recklessness or indifference incompatible with a proper regard for human life.

- 6 -

INSTRUCTION NO. 11

   Negligent conduct constitutes a great
departure from that of a reasonable person
which creates a great risk of injury to
others.

  Code § 40.1-103 is a criminal statute.  See Johnson v.
Commonwealth, 211 Va. 815, 180 S.E.2d 661 (1971) (predecessor
statute, Code § 40-112, declared a criminal statute).  Although
the statute contains the word "negligently," a mens rea
requirement must be read into it.  See Maye v. Commonwealth, 213
Va. 48, 49, 189 S.E.2d 350, 351 (1972).

  Code § 40.1-103, being a criminal statute, requires proof of
a greater degree of negligence than is required in a civil
action.  "The negligence required in a criminal proceeding must
be more than the lack of ordinary care and precaution.  It must
be something more than mere inadvertence or misadventure.  It is
a recklessness or indifference incompatible with a proper regard
for human life."  Bell v. Commonwealth, 170 Va. 597, 611, 195
S.E. 675, 681 (1938).  The negligence must be "so gross and
culpable as to indicate a callous disregard of human life and of
the probable consequences of his act."  Keech v. Commonwealth, 9
Va. App. 272, 277, 386 S.E.2d 813, 815 (1989) (quoting Goodman v.
Commonwealth, 153 Va. 943, 952, 151 S.E. 168, 171 (1930)).

  Instruction 8 correctly set forth the definition of criminal
negligence.  Instruction 10 was correct when read with
Instruction 8.  However, Instructions 9 and 11 were erroneous.

- 7 -

Neither defined criminal negligence.  They invited the imposition of criminal liability upon a finding of simple negligence. Because we cannot say that this invitation could not have influenced the verdict, we hold that the giving of these instructions was reversible error.

The judgment of the trial court is reversed and this case is remanded for retrial, if the Commonwealth be so advised.

<u>Reversed and remanded</u>.
