COURT OF APPEALS OF VIRGINIA

Present: Judges Willis, Elder and Annunziata
Argued at Richmond, Virginia


BRENDA ANN ELLIS
                                             OPINION BY
v.   Record No. 0148-98-2         JUDGE ROSEMARIE ANNUNZIATA
                                           APRIL 20, 1999
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                    Timothy J. Hauler, Judge

           Amy M. Curtis (Bowen, Bryant, Champlin &
           Carr, on brief), for appellant.

           John H. McLees, Jr., Assistant Attorney
           General (Mark L. Earley, Attorney General,
           on brief), for appellee.


     Brenda Ann Ellis ("appellant") was convicted by bench trial

of child neglect in violation of Code § 18.2-371.1(A) and of

cruelty to children in violation of Code § 40.1-103.  Appellant

appeals both convictions, contending the evidence was

insufficient to find that she acted with the criminal intent or

state of mind required to support the convictions.  For the

reasons set forth below, we reverse.

                              I.

                      FACTUAL BACKGROUND

     When considering the sufficiency of the evidence on appeal

of a criminal conviction, we consider the evidence in the light

most favorable to the Commonwealth and grant all reasonable

inferences fairly deducible therefrom.  See Brooks v. Brooks, 15 Va. App. 407, 414, 424 S.E.2d 566, 571 (1992).  "An appellate court must discard all evidence of the accused that conflicts with that of the Commonwealth and regard as true all credible evidence favorable to the Commonwealth and all fair inferences reasonably deducible therefrom."  Lea v. Commonwealth, 16 Va. App. 300, 303, 429 S.E.2d 477, 479 (1993).

Framed in this light, appellant's trial established the following relevant facts.  Appellant is the mother of two girls, C.E. and L.M., who were four and two years of age, respectively, at the time of the following incident.  Appellant lived with her daughters in a first-floor apartment at 2820 Tower Road, a two-story, wooden apartment building.

On the afternoon of April 12, 1997, appellant was at home with C.E. and L.M.  At some point that day, appellant turned on a burner of the apartment's gas stove in order to light a cigarette.  Appellant then removed a soft drink from the refrigerator and left her daughters in the apartment unattended, walking to La'Shawn Berkley's apartment in another building thirty to seventy-five yards from her building.  The evidence demonstrated that appellant left her daughters in a bedroom with the door closed.  The trial court inferred from the evidence that the children were napping at the time appellant left her apartment.  Appellant and Berkley prepared food in a microwave

oven and talked on the front porch of Berkley's apartment building; appellant's apartment was not visible from Berkley's porch.

A fire began in appellant's apartment shortly after appellant left.  The tenant residing above appellant's apartment reported the fire at 2:11 p.m., when the smoke detector in his apartment went off.  Appellant was unaware of the fire in her apartment until she heard the sirens of the fire department while on Berkley's porch.  The fire department arrived at appellant's apartment at 2:17 p.m.  Police Sergeant William Pannell arrived on the scene immediately thereafter and saw smoke and flames coming from the doorway of appellant's apartment.  When Pannell arrived, he saw several people holding appellant in front of her apartment.  Firemen entered the apartment, found C.E. and L.M. in a bedroom, and brought the children to safety.

As a result of the fire, C.E. suffered smoke inhalation and was admitted to a pediatric intensive care unit, where she received oxygen.  L.M.'s injuries required a surgical procedure to remove soot from her lungs.  The parties stipulated that L.M. suffered a "serious injury" as defined by Code § 18.2-371.1.

Assistant Fire Marshall Ronald Stokes examined the scene of the fire and testified as an expert witness regarding the causes and origins of fire, including the time required for a fire to

develop under given conditions.  At trial, Stokes testified the fire in appellant's apartment began at the stove.  Stokes estimated the fire burned for at least thirty minutes before setting off the smoke detector in the apartment above appellant's residence.  Stokes acknowledged his estimation of the fire's timing depended on a number of variables.  During his investigation, Stokes also discovered that appellant's smoke detector was inoperable at the time of the fire.  The Commonwealth presented no evidence that appellant intentionally left the gas jet burning before leaving her apartment.

Appellant admitted to Detective Harry Owens that she left her daughters unattended in order to visit Berkley's apartment. Appellant also said that she believed "she may have left [the gas stove] on."  Appellant estimated that she had been out of the apartment for fifteen minutes before she became aware of the fire.  Appellant told Francis Fitzpatrick, a child protective services worker who subsequently interviewed appellant, that the fire started because she "had turned on the burner of the stove to light a cigarette and had forgotten to cut the burner off and went outside."  Appellant also stated to Fitzpatrick that "she didn't see anything wrong with what she had done by going outside and leaving the children alone in the apartment [and] that everyone at Park Lee does that."

- 4 -

Appellant was charged with child neglect in violation of Code § 18.2-371.1 and with cruelty to children in violation of Code § 40.1-103. With respect to two-year-old L.M., the trial court found appellant guilty of child neglect. With respect to four-year-old C.E., the trial court found appellant guilty of cruelty to children.

In support of its holding, the court made the following findings of fact: "that the acts of the Defendant were leaving two children aged 27 months and four years nine months asleep in a closed apartment for a period of 15 to 30 minutes with a purpose of socializing with friends or neighbors some 30 to 50 yards away." The court further stated:

> Taking the evidence in a light most favorable to the Defendant, demonstrates both recklessness and a callous indi[fference] as well as a willful and wanton disregard for the well-being, health, safety, and welfare of those children. The Court does find that in [the case of L.M.], serious injury had been sustained.

## II.

## SUFFICIENCY OF THE EVIDENCE AS TO CHILD NEGLECT

Appellant challenges her conviction under Code § 18.2-371.1, contending the evidence was insufficient to prove

her actions constituted a "willful" act or omission, as that term has been construed under Virginia law.[1]  We agree.

The meaning of "willful," as it is used in Code § 18.2-371.1, appears to be an issue of first impression but the meaning of the word in other contexts applies here.  "Willful" generally means an act done with a bad purpose, without justifiable excuse, or without ground for believing it is lawful.  See Richardson v. Commonwealth, 21 Va. App. 93, 99, 462 S.E.2d 120, 123 (1995).  The term denotes "'an act which is intentional, or knowing, or voluntary, as distinguished from accidental.'"  Snead v. Commonwealth, 11 Va. App. 643, 646, 400 S.E.2d 806, 807 (1991) (quoting United States v. Murdock, 290 U.S. 389, 394 (1933)).  The terms "bad purpose" or "without justifiable excuse," while facially unspecific, necessarily imply knowledge that particular conduct will likely result in injury or illegality.  See Murdock, 290 U.S. at 395-96.[2]

---

[1]Code § 18.2-371.1 provides that "[a]ny parent . . . responsible for the care of a child under the age of eighteen who by willful act or omission or by refusal to provide any necessary care for the child's health causes or permits serious injury to the life or health of such child shall be guilty of a Class 4 felony."

[2]In Murdock, the United States Supreme Court determined that conduct premised on a good faith misunderstanding of liability under the tax code, i.e. with justifiable excuse, did not constitute conduct undertaken with "a bad purpose."  290 U.S. at 395-96.

When ruling upon the sufficiency of the evidence, we grant the judgment of a trial court sitting without a jury the same weight as a jury verdict and will not disturb that judgment on appeal unless it is plainly wrong or without evidence to support it. See Myrick v. Commonwealth, 13 Va. App. 333, 339, 412 S.E.2d 176, 179 (1991). "Intent may, and most often must, be proven by circumstantial evidence and the reasonable inferences to be drawn from facts that are within the province of the trier of fact." Fleming v. Commonwealth, 13 Va. App. 349, 353, 412 S.E.2d 180, 183 (1991).

Applying these standards of review, we find that under the circumstances of this case the evidence does not establish beyond a reasonable doubt that appellant acted with the requisite intent when she left her two children unattended. While appellant, without question, purposefully and intentionally left her apartment to visit a friend in another residential building, the intent which is relevant to our determination of "bad purpose" does not relate simply to why she left the apartment. Rather, it relates to the degree to which she was aware of the danger when leaving her children unattended. Here, no evidence establishes that she left the apartment with the intent to injure her children; nor does the evidence support the conclusion that she acted with knowledge or consciousness that her children would be injured as a likely

result of her departure to visit a neighbor for a short period of time in another residential building.

While evidence in this case supports the conclusion that the fire in the apartment was the likely result of appellant's inadvertent failure to turn off a gas burner, it fails to show that appellant left the apartment knowing the burner was on and in <u>conscious</u> disregard of the likely ignition of a grease fire that would ultimately endanger the lives of her children. Unquestionably, the evidence supports the conclusion that appellant was negligent in forgetting to turn off the gas jet and in failing to check the operability of the apartment's smoke detectors; however, something more than negligence must be proved beyond a reasonable doubt to support her conviction. <u>See</u> <u>Mosby v. Commonwealth</u>, 23 Va. App. 53, 59, 473 S.E.2d 732, 735 (1996) (affirming that the imposition of criminal penalty must rest upon something more than a finding of simple negligence).

We acknowledge, as the Commonwealth argues, that appellant could not satisfactorily monitor her children while they remained unattended inside an apartment and she visited with a neighbor in another building thirty to seventy-five yards away. However, inattention and inadvertence have not been heretofore equated with actions taken willfully, thus making them subject to criminal penalty. <u>See</u> <u>Snead</u>, 11 Va. App. at 647, 400 S.E.2d at 807 ("'In a criminal statute, "willfully" ordinarily means

designedly, intentionally or perversely.'" (quoting Lambert v.

Commonwealth, 6 Va. App. 360, 363, 367 S.E.2d 745, 746 (1988)));

Lynch v. Commonwealth, 131 Va. 762, 766, 109 S.E. 427, 428

(1921).  See also Murdock, 290 U.S. at 395 (stating that

"willfully" denotes "conduct marked by careless disregard

whether or not one has the right so to act . . . .");  Mullen v.

United States, 263 F.2d 275, 276 (D.C. Cir. 1958) (finding that

willful maltreatment of a child requires "something worse than

good intentions coupled with bad judgment").  Similarly,

appellant's inability to "see anything wrong with what she had

done by going outside and leaving the children alone in the

apartment," while clearly misguided, is reflective of simple

negligence, not criminal conduct.

Based on the foregoing, we reverse appellant's conviction

for violation of Code § 18.2-371.1.

III.

SUFFICIENCY OF THE EVIDENCE AS TO CRUELTY TO CHILDREN

The negligence required to sustain a conviction under Code

§ 40.1-103[3] is "criminal negligence."  See Mosby, 23 Va. App. at

59, 473 S.E.2d at 735.  Criminal negligence must entail

something more than "'the lack of ordinary care and

_____

[3]Code § 40.1-103 provides "[i]t shall be unlawful for any
person . . . having the custody of any child willfully or
negligently to cause or permit the life of such child to be
endangered or the health of such child to be injured . . . ."

- 9 -

precaution[,] . . . something more than mere inadvertence or misadventure.'"  Id. (quoting Bell v. Commonwealth, 170 Va. 597, 611, 195 S.E. 675, 681 (1938)).  "The negligence must be 'so gross and culpable as to indicate a callous disregard of human life and of the probable consequences of [the] act.'"  Id. (quoting Keech v. Commonwealth, 9 Va. App. 272, 277, 386 S.E.2d 813, 815 (1989)).  In Bell, the Virginia Supreme Court defined criminal negligence in terms of "gross negligence," stating that conduct "is culpable or criminal when accompanied by acts of commission or omission of a wanton or wil[l]ful nature, showing a reckless or indifferent disregard of the rights of others, under circumstances reasonably calculated to produce injury, or which make it not improbable that injury will be occasioned, and the offender knows, or is charged with the knowledge of, the probable result of his acts."  170 Va. at 611-12, 195 S.E. at 681.

While willful misconduct requires an intentional or purposeful act or failure to act, gross or criminal negligence involves a failure to act under circumstances that indicate a passive and indifferent attitude toward the welfare of others. See id.  Moreover, the defendant must be proved indifferent in the face of knowledge that injury or illegality will be the probable result or, in the alternative, that circumstances exist

under which the defendant may be chargeable with such knowledge. See id.

Here, the evidence establishes that appellant inadvertently failed to turn off a gas jet on her stove just before stepping out of her apartment to visit a friend while her daughters slept in a closed bedroom. Notwithstanding the fire that resulted from her inadvertence, the evidence fails to show that appellant acted with the requisite knowledge or callous indifference to the fact that her children were at risk of injury while she left them unattended. As such, the evidence is insufficient to support her conviction under Code § 40.1-103. See Mosby, 23 Va. App. at 59, 473 S.E.2d at 735.

For the reasons stated, we reverse appellant's convictions and dismiss.

Reversed and dismissed.