394

## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Commonwealth of Virginia

v.

Marie Claire Phillips

August 28, 2002

Case No. CR02-415

BY JUDGE WILLIAM H. LEDBETTER, JR.

In this felony child neglect case, arising from the accidental discharge of a firearm by a child, the defendant seeks to exclude photographs that depict her dreadful housekeeping practices.

*Facts*

Marie Claire Phillips is charged with felony child neglect under Virginia Code § 18.2-371.1. The basis of the charge is an incident that occurred on September 15, 2001. On that day, Kyle Phillips, Ms. Phillips' young son, killed himself when he accidentally discharged a loaded and unsecured handgun hanging on a wall in the home.

At the time, Ms. Phillips lived with her two pre-school aged children in a single-family dwelling in Spotsylvania County. She and her boyfriend were in another room when the gun discharged.

Ms. Phillips filed a motion in limine asking the court to exclude photographs of the inside of her house, and certain other evidence, from the trial of the case, set with a jury for October 2, 2002. The court ruled on all issues except the photographs and took that matter under advisement.

Without going into needless detail, the photographs show general filth and disarray throughout the house. The Commonwealth contends that these photographs are relevant because they show the defendant's neglectful state of mind. The defendant asserts that the photographs are irrelevant and that, even if they have some probative value, the prejudicial effect would significantly outweigh the probative value.

## Decision

In order to prove that Ms. Phillips is guilty of felony child abuse causing serious injury, the prosecution must establish that (1) the defendant was the parent or guardian of the child, or was otherwise responsible for his care; (2) the child was under 18; and (3) the defendant by willful act or omission caused or permitted serious injury to the child. Virginia Code § 18.2-371.1; *Virginia Model Jury Instructions, Criminal*, No. G29.330.

As noted above, the prosecution must prove that the act or omission was "willful." The word "willful" means something done or omitted with bad purpose, without justifiable excuse, or without ground for believing it is lawful; an act that is intentional, knowing, or voluntary, as distinguished from accidental; an act or omission implying knowledge that particular conduct will likely result in injury. *Ellis v. Commonwealth*, 29 Va. App. 548, 513 S.E.2d 453 (1999); *Barrett v. Commonwealth*, 32 Va. App. 693, 530 S.E.2d 437 (2000); also, Virginia Model Jury Instructions, Criminal, No. 29.360.

Evidence is relevant if it tends to shed light on the proposition for which it is offered. However, the proposition for which evidence is offered must itself by a matter that is a proper and legitimate issue in the case. Thus, evidence must be both relevant and material. It must have probative value with respect to a proper subject of inquiry. See Friend, *The Law of Evidence in Virginia* (5th ed.), § 11-1.

Evidence, though relevant and material, may be rendered inadmissible because it runs afoul of some other rule of evidence. In other words, the relevance of the evidence may be outweighed by negative factors. One of those factors, especially in criminal cases, is prejudice. If the probative value of the evidence is outweighed by its prejudicial effect, the evidence should be excluded. *Walker v. Commonwealth*, 258 Va. 54, 515 S.E.2d 565 (1999); *Coe v. Commonwealth*, 231 Va. 83, 340 S.E.2d 820 (1986).

Here, arguably, evidence of squalor tends to shed light on a legitimate proposition, e.g., willfulness, by showing a general carelessness, indifference,

and neglect. However, the "willful" factor in this case is not related to a course of conduct but to a single act or omission: Ms. Phillips' allegedly inexcusable failure to take necessary and appropriate action to protect the child from the consequences of handling a loaded gun that was hanging in a holster from a bedroom wall.

Does evidence of horrible housekeeping practices have probative value with respect to that issue? If so, it is only tangential. Surely, a parent can be sloppy, even slovenly, but extremely protective of her child's safety when it comes to guns. Conversely, a parent who is inattentive to the perils of loaded guns in the house can be an immaculate housekeeper. One proposition is not necessarily related to the other, or, if so, only remotely.

On the other hand, the prejudicial effect of the photographs is potentially extreme. Jurors viewing the photographs depicting debris and filth, including animal feces on the carpets, would have a natural tendency to conclude that the defendant is a bad mother and, consequently, they would lose focus on the legitimate issue, e.g., the defendant's conduct related to the loaded firearm in the house on the morning of September 15, 2001.

### Conclusion

Assuming that the photographs are relevant because they have some tendency to shed light on Ms. Phillips' general frame of mind regarding the care of her young children, the probative value is greatly outweighed by the prejudicial effect.

For this reason, the motion in limine is granted and the photographs will not be admitted at trial in the Commonwealth's case in chief.

Some authorities suggest that relevance cannot be determined except in the context of the trial itself and, thus, should not be the subject of a motion in limine. See *Harward v. Commonwealth*, 5 Va. App. 468, 364 S.E.2d 511 (1988). Here, however, the parties stipulated enough facts for purposes of the motion to enable the court to rule on the matter prior to trial.