COURT OF APPEALS OF VIRGINIA

Present: Judges Annunziata, Clements and Kelsey
Argued at Salem, Virginia


WOODROW LEE ABSHIRE, JR.

                                                MEMORANDUM OPINION* BY
v.        Record No. 2441-02-3                  JUDGE ROSEMARIE ANNUNZIATA
                                                MARCH 23, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF WAYNESBORO
Humes J. Franklin, Jr., Judge

William E. Bobbitt, Jr. (Office of the Public Defender, on brief), for
appellant.

Kathleen B. Martin, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Woodrow Lee Abshire, Jr. was tried without a jury and convicted of felony child abuse and

neglect, in violation of Code § 18.2-371.1. The trial court sentenced him to two years in prison and

suspended both years on certain conditions. He now appeals on the ground that the evidence was

insufficient to sustain his guilt beyond a reasonable doubt. For the reasons that follow, we affirm.

I. Background

"When considering the sufficiency of the evidence on appeal of a criminal conviction, we

consider the evidence in the light most favorable to the Commonwealth and grant all reasonable

inferences fairly deducible therefrom." Ellis v. Commonwealth, 29 Va. App. 548, 551, 513

S.E.2d 453, 455 (1999). Under the applicable standard, the evidence establishes that, on January

7, 2002, Abshire and his ten-year-old son, J., argued about J.'s failure to clean his room. Abshire

had been drinking, but was not drunk. J. called Abshire names and told him he "wasn't a good

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Daddy." Abshire sent J. to his room, where he fell asleep. Between 10:00 p.m. and midnight, Abshire looked into J.'s room and then slammed the door. A few minutes later, he walked into the room and began whipping J.'s legs with a belt. The belt had a bronze buckle with the letters "C" and "S" on its face. J. remained in his bed, trying to move away from Abshire. Abshire's girlfriend entered the room and took the belt from him, telling him to stop whipping J. Abshire next hit J. with a box that had held a guitar, then left the room and returned with another, smaller belt and continued to hit J. J. sustained bruising to his torso, back, groin and legs. One of the bruises on J.'s back was oval in shape and comparable in size to the buckle on the first belt Abshire used to whip J. The oval-shaped bruise had another bruise inside it that was consistent with the round part of the letter "C."[1]

The following day, Abshire kept J. home from school. When J. returned to school on January 9, 2002, he spoke with his guidance counselor, Charleen Reid, about the beating and subsequently showed her his bruises. She notified the Department of Social Services, and Officer Kevin Miller came to the school to investigate. Miller observed the bruising on J.'s upper body but did not view the bruises on J.'s legs because J. did not remove his pants. Photographs were taken of J.'s bruises. At trial, Reid and Miller testified that the bruises depicted in the photographs were consistent with the bruises they observed when they first spoke with J. about the beating.

At trial, Abshire stated that he "lost it" and apologized for the conduct. Abshire testified that he was taking new medication for a disabling nerve disease, which had a "bad" effect on him. He admitted he used excessive force on the child and regretted doing so, stating "[i]t was

---

[1] Although this evidence suggests Abshire beat J. with the buckle, J. testified that Abshire had the buckle wrapped around his hand and hit him only with the end of the belt. "[T]he credibility of a witness and the inferences to be drawn from proven facts are matters solely for the fact finder's determination." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998) (citations omitted).

like the worst thing that ever happened to me in my life." Abshire further testified that "violence was not [his] way." The trial court convicted Abshire, and he now appeals.

## II. Analysis

### A. Standard of Review

"An appellate court must discard all evidence of the accused that conflicts with that of the Commonwealth and regard as true all credible evidence favorable to the Commonwealth and all fair inferences reasonably deducible therefrom." Lea v. Commonwealth, 16 Va. App. 300, 303, 429 S.E.2d 477, 479 (1993). When determining on appeal whether the evidence was sufficient to sustain a criminal conviction, we grant the judgment of a trial court sitting without a jury the same weight as a jury verdict and will not disturb that judgment unless it is plainly wrong or without evidence to support it. Myrick v. Commonwealth, 13 Va. App. 333, 339, 412 S.E.2d 176, 179 (1991).

### B. Criminal Negligence

Code § 18.2-371.1(B) provides, in relevant part:

> Any parent, guardian, or other person responsible for the care of a child under the age of eighteen whose willful act or omission in the care of such child was so gross, wanton and culpable as to show a reckless disregard for human life shall be guilty of a Class 6 felony.

On appeal, Abshire contends the evidence was insufficient to sustain a conviction, under Code § 18.2-371.1(B), on the ground that his conduct did not constitute criminal negligence because it did not evidence a "reckless disregard for human life." We disagree.

Conduct is

> "criminal when accompanied by acts of commission or omission of a wanton or willful nature, showing reckless or indifferent disregard of the rights of others, under circumstances reasonably calculated to produce injury, or which make it not improbable that injury will be occasioned, and the offender knows, or is charged with the knowledge of, the probable results of his acts."

Ellis, 29 Va. App. at 557, 513 S.E.2d at 458 (quoting Bell v. Commonwealth, 170 Va. 597, 611-12, 195 S.E. 675, 681 (1938)). "'[R]eckless disregard' can be shown by conduct that subjects a child to a substantial risk of serious injury, as well as to a risk of death, because exposure to either type of risk can endanger the child's life." Commonwealth v. Duncan, ___ Va. ___, ___, ___ S.E.2d ___, ___, (2004). "'Willful and wanton negligence is acting consciously in disregard of another person's rights or acting with reckless indifference to the consequences, with the defendant aware, from his knowledge of existing circumstances and conditions, that his conduct probably would cause injury to another.'" Tubman v. Commonwealth, 3 Va. App. 267, 271, 348 S.E.2d 871, 873 (1986) (quoting Griffin v. Shively, 227 Va. 317, 321, 315 S.E.2d 210, 213 (1984); Friedman v. Jordan, 166 Va. 65, 68, 184 S.E. 186, 187 (1936)). The term "willful" normally "means an act done with a bad purpose, without justifiable excuse, or without ground for believing it is lawful. The term denotes an act which is intentional, or knowing, or voluntary, as distinguished from accidental." Ellis, 29 Va. App. at 554, 513 S.E.2d at 456 (quotations and citations omitted). The terms "bad purpose" and "without justifiable excuse . . . necessarily imply knowledge that particular conduct will likely result in injury." Id.

We find the evidence was sufficient to sustain Abshire's conviction. The evidence establishes that Abshire, angered after an argument with J., in which J. called him names and told him he "wasn't a good Daddy," entered J.'s room while he was in bed and began whipping him with a belt. The first belt Abshire used on J. had a bronze buckle. When Abshire's girlfriend entered J.'s room and took the belt from Abshire, Abshire hit the child with a box instead, and then, with another belt, Abshire continued to whip J. Even though J. tried to move away, he was so bruised from the beating that Abshire kept him out of school the following day. Indeed, one

of the bruises suggested it was sustained when J. was struck by the bronze buckle of the first belt Abshire used to whip J.

Abshire's actions establish that he had "indifferent disregard of the rights of others, under circumstances reasonably calculated to produce injury." Id. at 557, 513 S.E.2d at 457; see also Campbell v. Commonwealth, 12 Va. App. 476, 484, 405 S.E.2d 1, 4 (1991) (*en banc*) ("The finder of fact may infer that a person intends the natural and probable consequences of his acts."). Abshire's contention that, although he "lost it" and used "excessive force," his conduct constituted negligence and not criminal behavior is without merit. Criminal negligence is more than "the lack of ordinary care and precaution" and more than "mere inadvertence or misadventure." Ellis, 29 Va. App. at 556-57, 513 S.E.2d at 457. Abshire's actions do not constitute "mere inadvertence or misadventure." He repeatedly beat his son with a belt with a bronze buckle and, when his girlfriend took that belt from him, Abshire struck J. with a box, and later, another belt. This conduct was deliberate, willful, and so gross and wanton as to show a reckless disregard for human life. See Duncan, ___ Va. at ___, ___ S.E.2d at ___.

Accordingly, we affirm Abshire's conviction.

Affirmed.