COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judge Kelsey and Senior Judge Hodges


ERIC C. BLACKMON, S/K/A
  ERIC D. BLACKMON

                                                    MEMORANDUM OPINION*
v.        Record No. 2918-04-1                           PER CURIAM
                                                       JANUARY 24, 2006
COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                             Dean W. Sword, Jr., Judge

               (LeeAnne Bierowicz; Bierowicz & Ringer, P.C., on brief), for
               appellant.  Appellant submitting on brief.

               (Judith Williams Jagdmann, Attorney General; Alice T. Armstrong,
               Assistant Attorney General, on brief), for appellee.  Appellee
               submitting on brief.


        Eric C. Blackmon, appellant, was convicted of felony child neglect.  On appeal, he

contends that the evidence was insufficient to support his conviction.  We disagree and affirm the

trial court's decision.

        On appeal, we view the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.  See Martin v.

Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

        So viewed, the evidence proved that in the early afternoon of September 19, 2002,

paramedics went to appellant's home in response to a report of an "unresponsive child."  Upon

their arrival, emergency personnel found appellant standing in his front yard holding his

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

three-month-old daughter, Erykah. The child, who was limp and showed symptoms consistent with a brain injury, was taken immediately to the hospital.

According to appellant, Erykah's injuries were the result of an accidental fall. He explained that he had been taking care of his three children, ages three, eighteen months, and three months, while his wife was at work. Appellant stated he briefly left his three-year-old son Eric in the kitchen with Erykah and stepped into the living room. At that time Erykah was sitting unstrapped in her car seat in a kitchen chair. While in the living room, appellant heard a "thump" in the kitchen and returned to find Erykah on the floor unconscious. He said he found Eric standing over her "as if he had just dropped something." When appellant realized Erykah was not breathing, he opened her airway and called 911.

Doctors who treated Erykah for her injuries found they were not consistent with appellant's version of events. Dr. Anthony Camerota stated a fall from a height of approximately three feet was not consistent with Erykah's severe rib fracture and deep brain hemorrhaging. Furthermore, Dr. Camerota noted that Erykah's injuries were on both sides of her head and were such that they would have required "really major impacts, such as being in a car accident or falling from several stories."

Another treating physician, Dr. Abhik Bias, found that Erykah had sustained "significantly displaced fractures of the scalp or skull, and there was a significant amount of bleeding below the area of the fractures." In Dr. Bias's opinion, Erykah's injuries were not consistent with a fall from a chair or with being dropped by a three-year-old child. Dr. Bias, a specialist in the care of critically ill children, testified that Erykah's traumatic brain injuries were "most consistent" with a "shaken impact," such as being slammed to the floor.

Two other medical experts agreed that Erykah's injuries were consistent with being shaken rather than a fall of the type reported by appellant. While one expert conceded a child

might sustain a simple skull fracture from a three-foot fall, Erykah had sustained skull fractures on the back and both sides of her head. Some of the fractures were "extensive" and "extended across the separate bone line of [her] skull." The expert found such injuries in high speed automobile accidents when an unrestrained child hit the windshield or dashboard. He also found the injuries consistent with being "shaken back and forth repetitively with force."

Appellant was convicted under Code § 18.2-371.1(B)(1), which provides that "[a]ny parent . . . responsible for the care of a child under the age of 18 whose willful act or omission in the care of such child was so gross, wanton and culpable as to show a reckless disregard for human life shall be guilty of a Class 6 felony." Thus, the Commonwealth had to show that appellant's conduct amounted to criminal negligence. See Kelly v. Commonwealth, 42 Va. App. 347, 355, 592 S.E.2d 353, 357 (2004).

Criminal negligence is "'something more than mere inadvertence or misadventure. It is a recklessness or indifference incompatible with a proper regard for human life.'" Id. at 356, 592 S.E.2d at 357 (quoting Bell v. Commonwealth, 170 Va. 597, 611, 195 S.E. 675, 681 (1938)). It is "acting consciously in disregard of another person's rights or acting with reckless indifference to the consequences, with the defendant aware, from his knowledge of existing circumstances and conditions that his conduct probably would cause injury to another." Id.

A showing of "inattention and inadvertence," i.e., simple negligence, is insufficient to justify the imposition of a criminal penalty. Ellis v. Commonwealth, 29 Va. App. 548, 555-56, 513 S.E.2d 453, 457 (1999); see also Commonwealth v. Duncan, 267 Va. 377, 384, 593 S.E.2d 210, 214 (2004) ("the statutory language does not apply to acts of simple negligence"). "'Whether the required intent exists is generally a question for the trier of fact.'" Haywood v. Commonwealth, 20 Va. App. 562, 565-66, 458 S.E.2d 606, 607-08 (1995) (quoting Nobles v. Commonwealth, 218 Va. 548, 551, 238 S.E.2d 808, 810 (1977)).

The jury was presented with two different explanations of the events which resulted in Erykah's injuries, that of the medical experts and that of appellant.[1] Clearly, it found the testimony of the medical experts more credible. "The conclusions of the fact finder on issues of witness credibility 'may only be disturbed on appeal if this Court finds that [the witness'] . . . testimony was "inherently incredible, or so contrary to human experience as to render it unworthy of belief."'" Moyer v. Commonwealth, 33 Va. App. 8, 28, 531 S.E.2d 580, 590 (2000) (*en banc*) (citations omitted). We do not find the consistent testimony of four medical experts "inherently incredible."

Furthermore, while appellant offered a more benign explanation of his daughter's injuries than that offered by doctors, we do not find the jury was required to accept his testimony. "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).

The jury's finding that Erykah's injuries resulted from repetitive and forceful shaking is sufficient to support its conclusion that appellant was guilty of criminal negligence under Code § 18.2-371.1(B)(1). Accordingly, the trial court's judgment is affirmed.

Affirmed.

---

[1] We note that the jury was also presented with evidence of a "confession" from appellant that he slammed Erykah's head into the floor. While police expressed uncertainty about the reliability of this confession, the jury could consider such evidence in assessing appellant's testimony. The trier of fact is not required to accept a party's evidence in its entirety, Barrett v. Commonwealth, 231 Va. 102, 107, 341 S.E.2d 190, 193 (1986), but is free to believe and disbelieve in part or in whole the testimony of any witness, Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991).