COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Humphreys and Petty
Argued at Richmond, Virginia

ROBERT MARSHALL PARRISH

                                                MEMORANDUM OPINION[*] BY
v.        Record No. 3103-08-2               JUDGE WILLIAM G. PETTY
                                                     MARCH 30, 2010
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
                      James F. D'Alton, Judge

        Shaun R. Huband, Assistant Public Defender (Office of the Public
        Defender, on brief), for appellant.

        Josephine F. Whalen, Assistant Attorney General II (William C.
        Mims, Attorney General, on brief), for appellee.


        Robert Parrish was charged with two counts of construction fraud in violation of Code

§ 18.2-200.1 for entering into three construction contracts and failing to perform.  On September

16, 2008, the trial court sustained Parrish's motion to strike the first count of construction fraud

but convicted Parrish of the second count.  On appeal, Parrish argues that the evidence was

insufficient to prove that he obtained an advance by promising to perform construction services

with fraudulent intent.  We agree.  Therefore, we reverse his conviction.

        Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite only those facts and incidents of

the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

On appeal, we view those facts and incidents in the "light most favorable" to the prevailing party

below, the Commonwealth, Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786

_____
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

(2003), and we grant to that party all fair inferences flowing therefrom. Coleman v.

Commonwealth, 52 Va. App. 19, 21, 660 S.E.2d 687, 688 (2008).

Parrish moved to strike the Commonwealth's evidence on the basis that the

Commonwealth failed to prove the element of fraudulent intent required under Code

§ 18.2-200.1. The trial court overruled this objection, but after Parrish presented his evidence,

the trial court granted his renewed motion to strike on the first count of construction fraud

regarding the first contract on the High Street properties. With respect to that count, the trial

judge expressed reasonable doubt that Amaram actually advanced money to Parrish. However,

the trial court convicted Parrish of one count of construction fraud regarding the second and third

contracts on the Harrison Street property. This appeal followed.

I. ANALYSIS

Parrish argues that the evidence was insufficient to prove that he committed construction

fraud in violation of Code § 18.2-200.1. When considering the sufficiency of the evidence

below, "we grant the judgment of the trial court sitting without a jury the same weight as a jury

verdict and will not disturb that judgment on appeal unless it is plainly wrong or without

evidence to support it." Ellis v. Commonwealth, 29 Va. App. 548, 554-55, 513 S.E.2d 453, 456

(1999) (citing Myrick v. Commonwealth, 13 Va. App. 333, 339, 412 S.E.2d 176, 179 (1991)).

Code § 18.2-200.1 provides in pertinent part:

> If any person obtain from another an advance of money, . . .
> *with fraudulent intent*, upon a promise to perform construction . . .
> of any building or structure permanently annexed to real property
> . . . and fail or refuse to perform such promise, and also fail to
> substantially make good such advance, he shall be deemed guilty
> of the larceny of such money . . . if he fails to return such advance
> within fifteen days of a request to do so sent by certified mail,
> return receipt requested, to his last known address or to the address
> listed in the contract.

(Emphasis added).  Thus, the Commonwealth must prove beyond a reasonable doubt that Parrish (1) obtained an "advance of money" from Amaram, (2) with "fraudulent intent," (3) promised "to perform construction or improvement involving real property," (4) subsequently "failed to perform that promise," and (5) "failed to return the advance 'within fifteen days of a request to do so by certified mail to the defendant's last known address or his address listed in the contract.'"  Klink v. Commonwealth, 12 Va. App. 815, 818-19, 407 S.E.2d 5, 7 (1991) (citing Code § 18.2-200.1).

Parrish concedes that he promised to perform electrical work, received an advance, and he failed to complete that work.  However, Parrish challenges the trial court's finding that the evidence established beyond a reasonable doubt that he made a promise to perform construction and obtained an advance of money with fraudulent intent.  Thus, "[t]he relevant question is whether [Parrish] obtained an advance based upon future work promised with a fraudulent intent not to perform or to perform only partially, not whether [he] had performed work for which he was paid."  Rader v. Commonwealth, 15 Va. App. 325, 332, 423 S.E.2d 207, 212 (1992).

 "Intent is the purpose formed in a person's mind which may, and often must, be inferred from the facts and circumstances in a particular case."  Ridley v. Commonwealth, 219 Va. 834, 836, 252 S.E.2d 313, 314 (1979).  The Commonwealth may prove intent "by the circumstances, including a person's conduct and statements."  Robertson v. Commonwealth, 31 Va. App. 814, 820, 525 S.E.2d 640, 643 (2000) (citing Nobles v. Commonwealth, 218 Va. 548, 551, 238 S.E.2d 808, 810 (1977)).  Further, "'[t]he fact finder may infer that a person intends the immediate, direct, and necessary consequences of his voluntary acts.'"  Id. (quoting Bell v. Commonwealth, 11 Va. App. 530, 533, 399 S.E.2d 450, 452 (1991)).  Thus, "[t]o determine whether fraudulent intent exists, the Court must look to the conduct and representations of the defendant.  Whether fraud actually existed will depend upon the circumstances in each case."  Rader, 15 Va. App. at

329, 423 S.E.2d at 210 (internal citations and quotation marks omitted). Ultimately, "[t]he time for determining fraudulent intent is the time at which the defendant procured the advance, not . . . at the time the parties entered into the contract." Id.

"When the evidence is entirely circumstantial, all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and must exclude every reasonable hypothesis of innocence." Bishop v. Commonwealth, 227 Va. 164, 169, 313 S.E.2d 390, 393 (1984). This statement "is simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt. Thus, the principle does not add to the burden of proof placed upon the Commonwealth in a criminal case. It merely reiterates the standard applicable to every criminal case." Haskins v. Commonwealth, 44 Va. App. 1, 8, 602 S.E.2d 402, 405 (2004) (internal citations and quotation marks omitted).

We have held that a variety of circumstances are probative of fraudulent intent. For example, "[t]he use of false statements to induce a victim to enter into a contract . . . ," Klink, 12 Va. App. at 819, 407 S.E.2d at 8 (citing Boothe v. Commonwealth, 4 Va. App. 484, 491, 358 S.E.2d 740, 744 (1987)), the failure to begin or complete work after receiving an advance, Norman v. Commonwealth, 2 Va. App. 518, 521, 346 S.E.2d 44, 46 (1986), avoiding contact with the victims, id.; Rader, 15 Va. App. at 329, 423 S.E.2d at 210, and refusing to return the advance when requested, Mughrabi v. Commonwealth, 38 Va. App. 538, 548, 567 S.E.2d 542, 547 (2002). A pattern of this behavior is also probative evidence that tends to prove fraudulent intent. Id.

These circumstances are illustrated throughout numerous cases in which our courts have found the evidence sufficient to establish fraudulent intent. For example, Holsapple made false statements inducing the victim to advance money, he used the advances received for personal purposes, and he took materials for his own use, and the Court noted that "the sorry mess [the

victim] was left with [was] conclusive evidence that Holsapple's conduct amounted to more than a mere failure to perform."[1] Holsapple v. Commonwealth, 266 Va. 593, 603, 587 S.E.2d 561, 567 (2003). In comparison, Norman made false statements inducing the victim to advance money, converted the money to his personal use when required to place it in escrow, and never performed the work under the parties' contract. Norman, 2 Va. App. at 520-22, 346 S.E.2d at 46. Similarly, Rader made false statements inducing the victim to advance money and committed to using the money to order windows for the victim's home, but he never ordered the windows and converted the money to his personal use. Rader, 15 Va. App. at 330-31, 423 S.E.2d at 210-11.

Further, in both Mughrabi and McCary v. Commonwealth, 42 Va. App. 119, 590 S.E.2d 110 (2003), the defendants' pattern of duplicitous conduct and false statements was sufficient to establish fraudulent intent. Mughrabi repeatedly demanded advances from customers for supplies that were never purchased, made false statements inducing those advances, "failed to begin or complete any of the work on the contracts, avoided contact with the victims, and refused to return their deposits when requested." Mughrabi, 38 Va. App. at 548-49, 567 S.E.2d at 547. Lastly, McCary made a series of "unfulfilled promises," was unwilling to communicate with the victims, failed to inform the victims of his cash flow problems, and lacked a valid contractor's license. McCary, 42 Va. App. at 127-29, 590 S.E.2d at 114-15. The combination of false statements and duplicitous conduct was sufficient in each of these cases to support the trial court's finding of fraudulent intent at the time of the advance.

---

[1] The Court stated that "[e]verything about the uninhabitable structure from the unfilled mortar joints in the foundation to the insecure trusses in the roof displays a gross misperformance and corner-cutting on Holsapple's part, done with a specific intent to keep the advance of money and not complete the work." Holsapple v. Commonwealth, 266 Va. 593, 603, 587 S.E.2d 561, 567 (2003) (internal quotation marks omitted).

However, we have been reluctant to uphold a conviction where the defendant made no false statements to induce the victim to advance money and his conduct was not duplicitous; that is, the defendant began to perform on the promise but merely failed to complete it, never promised a specific timeline, used the advance as directed by the contract, maintained contact with the victim, and obtained the necessary licenses and permits. See Klink, 12 Va. App. at 819, 407 S.E.2d at 8; Boothe, 4 Va. App. at 491-92, 358 S.E.2d at 744-45. Such a scenario would amount to nothing more than a mere failure to perform. Further, we have stated that "[t]he failure to respond to a request for a return of the advance sent by certified mail as required by statute does not, standing alone, establish a fraudulent intent." Klink, 12 Va. App. at 816, 407 S.E.2d at 6.

In both Klink and Boothe, the evidence was insufficient to establish that the defendants obtained an advance with a fraudulent intent. Klink, 12 Va. App. at 819, 407 S.E.2d at 8; Boothe, 4 Va. App. at 492, 358 S.E.2d at 745. In both cases, the evidence clearly established that the defendants received an advance from the victim, failed to perform the contract, and failed to return the advance even after they were requested to do so via a certified letter. Those facts, however, were insufficient to establish fraudulent intent. In Klink, the Court stated that

> [t]here was no evidence of any false statements made to induce the homeowner to enter into the contract. The defendant's conduct did not give rise to an inference of fraudulent intent. His failure to perform the agreement or to return the advance was equally likely to have been caused by his poor management, financial distress or both.

12 Va. App. at 819, 407 S.E.2d at 8. The same was true in Boothe. 4 Va. App. at 491, 358 S.E.2d at 744-45. In the absence of any false statements or duplicitous conduct, the evidence was not sufficient to establish fraudulent intent.

In this case, Parrish entered into three contracts with Amaram in which Parrish promised to perform specific electrical work at three different rental units owned by Amaram. One

- 6 -

contract only applied to two rental units that Amaram owned on West High Street in Petersburg, Virginia.[2] The other two contracts were both for the same rental property on Harrison Street in Petersburg. Parrish received an advance of $450 on the first Harrison Street contract signed on May 12, 2006. Parrish began working on the items specified in the contract but never finished. But seven days later, the parties entered into another contract for the Harrison Street property with additional[3] electrical work to be performed on the house. Parrish was paid in full on this contract, but according to Amaram, never completed the work.

Parrish made no statements inducing Amaram to enter into the two Harrison Street contracts. While Amaram entered into three separate contracts with Parrish, there was no evidence that Parrish made any false statements to Amaram to induce him to advance money for the projects. Indeed, other than the promise to perform indicated by the contract itself, there were no statements at all.

Nonetheless, the Commonwealth argues that Parrish held himself out as an electrical contractor yet did not have a contractor's license. The Commonwealth contends that "the failure to obtain a license is probative of his fraudulent intent." McCary, 42 Va. App. at 128, 590 S.E.2d at 115. Parrish admitted during cross-examination that he did not have a contractor's

---

[2] Parrish was charged with construction fraud on this contract; however, the trial judge expressed reasonable doubt that Amaram actually made an advance. Therefore, Parrish never obtained an advance with fraudulent intent and the trial court dismissed the indictment during the trial.

[3] Although Amaram testified that both contracts were for the same work, the plain language of the contract illustrates that the work specified in each contract was different. According to the first contract, Parrish contracted to install the following: a panel box on the property, wiring for the range and dryer, a socket for the washer, a light and switch in the half-bath, and four sockets and one three way switch in the bedroom. In addition, the contract required him to repair or replace the old light and exhaust fan in the bathroom. The second contract required Parrish to install the following: GFI outlets in the kitchen and bathroom, exhaust fans in the kitchen and bathroom, a ceiling light in the kitchen, and two outlets and ceiling lights in the bedrooms. In addition, the contract required Parrish to replace all of the old outlets throughout the house.

license.  However, immediately after Parrish admitted to not having a contractor's license, he stated "I don't have but an electrical license."  According to Code § 54.1-1108.2(B) "[t]he Board [for Contractors] may grant a Class C license in any of the following classifications: . . . (iii) electrical contractor . . . ."  Thus, Parrish's admission only supports the inference that he had a Class C electrical contractor's license.  To conclude otherwise, would be, in our opinion, an unreasonable *non sequitur*.[4]  Therefore, we do not believe that this statement leads to the inference that Parrish made a false statement in order to obtain the advance payment.

Further, Parrish's conduct does not support an inference of fraudulent intent.  Amaram testified that he hired Parrish, paid him, Parrish performed some of the work, but Parrish never completed the work.  Amaram also testified that he sent Parrish a letter via certified mail return receipt demanding that Parrish either complete the work or return the advance.  At no point during the trial did Amaram testify to any conduct that might give rise to an inference of fraudulent intent.  Rather, Amaram's testimony was limited to the contract terms, the failure to perform, and the demand letter.  Indeed, Amaram never testified to any circumstances leading up to the second and third contracts on the Harrison Street property.

While the Commonwealth proved that Amaram and Parrish contracted for Parrish to do electrical work on the Harrison Street property, Amaram advanced money to Parrish, and Parrish performed some, but not all, of the work, the mere failure to perform a contractual obligation alone is insufficient to prove fraudulent intent.  See Klink, 12 Va. App. at 819, 407 S.E.2d at 8; Boothe, 4 Va. App. at 491-92, 358 S.E.2d at 744-45.  The Commonwealth failed to establish false statements made to induce Amaram to advance money or duplicitous conduct on Parrish's

---

[4] A fact finder may "draw reasonable inferences from basic facts to ultimate facts," Haskins, 44 Va. App. at 10, 602 S.E.2d at 406 (citations omitted), unless doing so would push "into the realm of *non sequitur*," Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006) (citation omitted).

part.  Therefore, we hold that the evidence was insufficient to establish that Parrish obtained an advance with fraudulent intent.

## II.  CONCLUSION

Because the evidence was insufficient to prove that Parrish obtained an advance with fraudulent intent, we believe the trial court's judgment was plainly wrong.  As a result, we reverse Parrish's conviction for construction fraud and dismiss the indictment.

<u>Reversed and dismissed.</u>