COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Frank and Haley
Argued at Chesapeake, Virginia


VIVIAN A. SHANKLIN

                                                          OPINION BY
v.     Record No. 1093-08-1                    JUDGE LARRY G. ELDER
                                                          APRIL 7, 2009
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Wilford Taylor, Jr., Judge

Timothy G. Clancy (Moschel & Clancy, P.L.L.C., on brief), for
appellant.

Rosemary V. Bourne, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Vivian A. Shanklin (appellant) was convicted in a bench trial of felony child neglect in

violation of Code § 18.2-371.1(B)(1).  On appeal, she alleges that the evidence was insufficient

as a matter of law to prove that her conduct constituted a willful act or omission that was so

gross, wanton, and culpable as to show a reckless disregard for human life.  Because the

evidence was insufficient to show that appellant's behavior constituted criminal negligence, we

reverse her conviction.

I.

BACKGROUND

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)).  So viewed, on July 11, 2005, four-year-old Davion

Mutts suffered second-degree burns to both his left and right hands as well as to his left foot while in the care of his custodian, Matriesha Turner (Turner), and her boyfriend, William Shanklin (Shanklin). Turner and Shanklin did not seek medical treatment for Davion, but instead treated his injuries with ointment, wrapped his foot and hands in gauze, and secured the bandages with duct tape.

At about 4:00 p.m. on July 12, 2005, Shanklin brought Davion to the home of appellant, Shanklin's mother, so she could babysit the child for the evening. Davion's injuries were still covered with gauze and duct tape so that appellant could not see his feet and hands. Shanklin told appellant that Davion had burned himself while playing in some hot water.

Throughout the course of the visit, appellant noticed that Davion was very sleepy, and he took a four-hour nap immediately after arriving at appellant's house. When feeding him spaghetti, appellant "had to keep waking him up so he could take a bite." Also, "Davion could not walk[,] and [appellant] had to carry him to the bathroom." Appellant had taken care of Davion "maybe once or twice" prior to this incident. When Shanklin came to pick Davion up at 11:00 p.m., appellant did not inquire further as to what had happened to the child or why he was so lethargic.

After hearing the stipulated evidence, the trial court found appellant guilty of felony child neglect. Specifically, the trial court found that the "massive amount" of duct tape used to treat Davion's burns should have alerted appellant to the fact that something was seriously wrong with the child. Because Shanklin also informed her that Davion had suffered burns, the trial court reasoned that appellant should have immediately obtained medical help.

II.

ANALYSIS

On appeal, appellant contends that her conviction under Code § 18.2-371.1(B)(1) should be reversed because her failure to seek medical attention for Davion's burns was insufficient to demonstrate a willful omission that was so gross, wanton, and culpable as to show a reckless disregard for human life. Specifically, she argues Davion's lethargic behavior was not enough to put her on notice of the severity of his injuries because sleepiness was not shown to be a symptom of severe burns. Moreover, she avers she could not have known the severity of Davion's injuries because they were covered by gauze and duct tape throughout the course of Davion's visit. Appellant concedes that duct tape is an unorthodox method of treatment but she argues she was simply derelict in her duties and not criminally negligent.

In opposition, the Commonwealth argues that using duct tape to treat burn wounds should have been clear notice that Davion did not receive proper medical attention. Indeed, the Commonwealth asserts that "any reasonable person should have recognized that a four-year-old child who after a four hour nap had to be repeatedly awakened to take bites of food and play, and who had to be carried to the bathroom required medical attention." Because appellant did not attempt to question Shanklin about the nature of Davion's injuries, the Commonwealth contends she turned a blind eye towards Davion's needs.

When a defendant contests the sufficiency of the evidence on appeal, we must give the judgment of the trial court sitting without a jury the same weight as a jury verdict. McCain v. Commonwealth, 261 Va. 483, 492, 545 S.E.2d 541, 547 (2001). The appellate court must review the evidence that tends to support the conviction and uphold the trial court's judgment unless it is plainly wrong or without evidence to support it. Commonwealth v. Duncan, 267 Va. 377, 384, 593 S.E.2d 210, 214 (2004).

Code § 18.2-371.1(B)(1) provides in relevant part:

> Any parent, guardian or other person responsible for the care of a child under the age of 18 whose willful act or omission in the care of such child was so gross, wanton and culpable as to show a reckless disregard for human life shall be guilty of a Class 6 felony.

To support a conviction under this statute, the Commonwealth must establish that appellant, through her willful omission, showed a reckless disregard for Davion's life. See Jones v. Commonwealth, 272 Va. 692, 698, 636 S.E.2d 403, 406 (2006). "The term 'willful act' imports knowledge and consciousness that injury will result from the act done." Barrett v. Commonwealth, 268 Va. 170, 183, 597 S.E.2d 104, 111 (2004). Moreover, "the conduct must be knowing or intentional, rather than accidental, and be done without justifiable excuse, without ground for believing the conduct is lawful, or with a bad purpose." Duncan, 267 Va. at 384, 593 S.E.2d at 215; see Mangano v. Commonwealth, 44 Va. App. 210, 216, 604 S.E.2d 118, 121 (2004) (reversing a conviction where the evidence "failed to establish 'knowledge and consciousness that injury will result from the act done'" (quoting Barrett, 268 Va. at 183, 597 S.E.2d at 111)). Thus, the issue of the accused's mental state requires "an examination not only of the act that created the risk, but also of the degree to which the accused 'was [or should have been] aware of the danger' that resulted from the act." Bean-Brewer v. Commonwealth, 49 Va. App. 3, 11, 635 S.E.2d 680, 684 (2006) (quoting Ellis v. Commonwealth, 29 Va. App. 548, 555, 513 S.E.2d 453, 457 (1999)).

The Commonwealth must show more than mere "inattention and inadvertence"; the defendant's negligence must rise to the standard of "gross negligence." See id. at 11, 635 S.E.2d at 685; Kelly v. Commonwealth, 42 Va. App. 347, 356, 592 S.E.2d 353, 357 (2004) ("Criminal negligence . . . is a recklessness or indifference incompatible with a proper regard for human life." (quoting Bell v. Commonwealth, 170 Va. 597, 611, 195 S.E. 675, 681 (1938))); Ellis, 29

- 4 -

Va. App. at 555, 513 S.E.2d at 457 ("[S]omething more than negligence must be proved beyond a reasonable doubt to support [a] conviction."). Moreover, gross negligence must be

> "accompanied by acts of commission or omission of a wanton or willful nature, showing a reckless disregard or indifferent disregard of the rights of others, under circumstances reasonably calculated to produce injury, or which make it not improbable that injury will be occasioned, and the offender knows, or is charged with the knowledge of, the probable results of [her] acts."

Barrett, 268 Va. at 183, 597 S.E.2d at 111 (quoting Cable v. Commonwealth, 243 Va. 236, 240, 415 S.E.2d 218, 220 (1992)). "[S]uch 'reckless disregard' can be shown by conduct that subjects a child to a substantial risk of serious injury, as well as to a risk of death, because exposure to either type of risk can endanger the child's life." Duncan, 267 Va. at 385, 593 S.E.2d at 215.

The totality of the evidence fails to show that appellant recognized the severity of Davion's injuries and willfully disregarded the importance of obtaining medical assistance. The record instead demonstrates that she did not know how badly Davion was burned so she had no reason to call for medical help or to inquire further of Shanklin about the nature and extent of Davion's injuries. See Flowers v. Commonwealth, 49 Va. App. 241, 249, 639 S.E.2d 313, 317 (2007) (holding that defendant's failure to obtain medical assistance was purposeful because she clearly recognized that the children in her care had ingested drugs yet still ignored repeated advice to take them to the hospital). Because appellant did not make a willful decision to neglect Davion's medical needs, we must determine if, due to the child's behavior, appellant "knew or should have known the probable results of [her] acts." Kelly, 42 Va. App. at 356, 592 S.E.2d at 357.

There was little evidence in the record that the use of duct tape to treat an undetermined burn wound should have made appellant aware that Davion required immediate medical attention. His wounds were completely bound so that appellant could not see the extent of his injuries. Even though using large amounts of duct tape as a medical implement is unorthodox,

- 5 -

there is no evidence in the record to suggest that its use either caused additional injury to the child or aggravated the child's existing injuries. Moreover, the Commonwealth has not shown that using it to secure gauze is so detrimental to a person that its use should immediately indicate the need for medical attention. See Jones, 272 Va. at 701, 636 S.E.2d at 408 (holding that the "presence of harmful drugs within arm's reach of an unattended child" creates a probability of harm that supports a conviction under Code § 18.2-371.1(B)(1)). Significantly, Davion did not show any signs of discomfort. Quite the opposite, he was lethargic during dinner and while at play, and the Commonwealth has not demonstrated that this particular set of circumstances created an "awareness that [failing to obtain medical help] would cause or permit serious injury." Mangano, 44 Va. App. at 216, 604 S.E.2d at 121. Without more, the use of duct tape suggests an unorthodox but functional method of treating a minor injury.[1]

Moreover, appellant had no reason to connect Davion's lethargy to his burns. Appellant asked Shanklin what had happened to Davion when Shanklin dropped the child off at her home. Shanklin responded that Davion burned himself in hot water and gave no indication that the accident or resulting injuries were serious. Although the Commonwealth was not required to produce expert testimony indicating Davion's injuries caused his lethargy in order to support appellant's conviction, it failed to present evidence that "the dangers inherent in such a situation could be inferred . . . as a matter of common knowledge." Duncan, 267 Va. at 386, 593 S.E.2d at 215. Common sense indicates that there are numerous causes of lethargy in young children, many of which do not require immediate medical attention. While an experienced medical professional might have noticed that such lethargy was indicative of something seriously wrong

---

[1] The use of an item like duct tape, an obvious home remedy, to bandage a child's wound may be relevant to the extent it puts others on notice that the child has not received professional medical treatment for the injury. We do not hold, however, that a caregiver's use of non-traditional materials to treat a child's injury, standing alone, compels or supports a finding of criminal negligence if those materials serve the necessary purpose and cause no obvious harm.

with Davion, we will not hold appellant to a level of understanding beyond that of a reasonably prudent person of average education and experience. Cf. Bean-Brewer, 49 Va. App. at 13, 635 S.E.2d at 685-86 (considering the defendant's status as a licensed day care provider subject to the Department of Social Services' minimum regulatory standards when holding that she should have known leaving multiple young children in the care of an eleven year old and eight year old would result in injury).

The evidence may well support the conclusion that appellant was negligent in failing to call for medical assistance upon seeing the child's duct-taped bandages and observing his behavior. However, Code § 18.2-371.1(B)(1) requires "something more than negligence . . . to support a conviction." Ellis, 29 Va. App. at 555, 513 S.E.2d at 457. Here, appellant's inability to recognize the severity of Davion's injuries and failure to obtain proper medical treatment despite the use of duct tape is reflective of poor judgment, not criminal conduct. See id. at 556, 513 S.E.2d at 457 (finding mere negligence where the defendant did not "see anything wrong with what she had done by going outside and leaving the children alone in the apartment," while inadvertently leaving the gas burner on).

## III.

## CONCLUSION

For these reasons, we reverse appellant's conviction and dismiss the indictment.

Reversed and dismissed.